

Case.net 1822-CC11566 - Docket Entries

| Judicial Links | eFiling | Help | Contact Us | Print | GrantedPublicAccess  Logoff LAIRDBRANDON |

**1822-CC11566 - TODD COLE V CITY OF ST LOUIS MISSOURI ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ⦿ Descending  ○ Ascending          Display Options: All Entries ▾

| | | |
|---|---|---|
| 03/14/2019 | ☐ | **Order**<br>PROTECTIVE ORDER. SO ORDERED JUDGE REX M. BURLISON 29935 |
| 03/05/2019 | ☐ | **Order**<br>PLAINTIFF GRANTED LEAVE TO FILE FIRST AMENDED PETITION, WHICH WAS MOVED TO BE FILED IN CAUSE NO. 1822-CC11004. SO ORDERED: JUDGE MICHAEL STELZER #40716 |
| 02/19/2019 | ☐ | **Entry of Appearance Filed**<br>ENTRY OF APPEARANCE for Defendants City of St. Louis; Electronic Filing Certificate of Service.<br>    **Filed By:** BRANDON DAVID LAIRD<br>    **On Behalf Of:** CITY OF ST. LOUIS MISSOURI |
| 12/05/2018 | ☐ | **Answer Filed**<br>Answer to Plf Petition; Electronic Filing Certificate of Service.<br>    **Filed By:** ABBY JOE DUNCAN<br>    **On Behalf Of:** CITY OF ST. LOUIS MISSOURI, THE CIVIL SERVICE COMMISSION OF THE CITY OF ST LOUIS MO, STANLEY NEWSOME SR, LEO DONAHUE |
| | ☐ | **Entry of Appearance Filed**<br>ENTRY OF APPEARANCE FOR DEFENDANTS Civil Service Commission of the City of St. Louis, Steven Barney, Stanley Newsome, and Leo Donahue; Electronic Filing Certificate of Service.<br>    **Filed By:** ABBY JOE DUNCAN<br>    **On Behalf Of:** CITY OF ST. LOUIS MISSOURI, THE CIVIL SERVICE COMMISSION OF THE CITY OF ST LOUIS MO, STANLEY NEWSOME SR, LEO DONAHUE |
| 11/05/2018 | ☐ | **Jury Trial Scheduled**<br>    **Scheduled For:** 06/03/2019;  9:00 AM ;  REX M BURLISON;  City of St. Louis |
| | ☐ | **Order to Sever Case**<br>DEFENDANTS MOTION TO SEVER IS CALLED HEARD AND GRANTED. PLAINTIFF'S CLAIMS FOR VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT (COUNT I) IS SEVERED FROM COUNT II-DE NOVO JUDICIAL REVIEW UNDER 536.100-536.400 R.SMo. ALL OTHER MOTIONS ARE PASSED. MATTER SET FOR JANUARY 7, 2019 AT 9 AM FOR REVIEW. DEFENDANTS TO HAVE 60 DAYS FROM TODAY'S ORDER TO RESPOND TO DISCOVERY RELATED TO PLAINTIFF'S NHRA CLAIM. COST OF NEW FILING WAIVED. SO ORDERED: JUDGE MICHAEL STELZER #40716 |
| | ☐ | **Judge/Clerk - Note**<br>CASE SEVERED FROM 1822-CC11004 PER JUDGES ORDER. |
| | ☐ | **Petition Filed - No Fees** |
| | ☐ | **Judge Assigned** |

Case.net Version 5.14.0.8                    Return to Top of Page                    Released 03/12/2019



### IN THE CIRCUIT COURT OF CITY OF ST. LOUIS, MISSOURI
### CIRCUIT JUDGE DIVISION

| | | |
|---|---|---|
| **TODD COLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Cause No.:    1822-CC11566** |
| **vs.** | ) | |
| | ) | **Division: 1** |
| **CITY OF ST. LOUIS, MISSOURI,** | ) | |
| **a Constitutional Charter City,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

### PLAINTIFF'S FIRST AMENDED PETITION FOR VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT, THE AMERICANS WITH DISABILITIES ACT, AND TITLE VII OF THE CIVIL RIGHTS ACT,

COMES NOW, Plaintiff Todd Cole, by and through his attorneys, and for his Petition for Violations of the Missouri Human Rights Act, The Americans with Disabilities Act, and the Age Discrimination in Employment Act of 1967, against Defendant City of St. Louis, Missouri, states:

### JURISDICTION AND PARTIES

1.    Venue is proper pursuant to §508.010 and §213.111 RSMo because a substantial part of the events giving rise to this cause of action occurred in the City of St. Louis, Missouri.

2.    Jurisdiction is proper pursuant to the Missouri Human Rights Act, § 213.010 RSMo., et seq. (MHRA) and §536.140 RSMo.

3.    Plaintiff, Todd Cole is an individual who is and was at all times herein after mentioned, a resident of the State of Missouri.

4.    Defendant City of St. Louis (hereinafter "City") is a municipal corporation organized and existing under, and by virtue of, the laws of the State of Missouri.

1

## COUNT I – VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT

5.     Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of his Petition.

6.     This count is brought pursuant to the Missouri Human Rights Act (MHRA), Chapter 213 of the Missouri Revised Statutes.

7.     At all relevant times herein, the Defendant City of St. Louis was an employer as defined by the MHRA.

8.     Plaintiff is a member of the class of people intended to be protected by the Missouri Human Rights Act, including, section 213.010, *et seq.*

9.     Plaintiff is a male who is over the age of 40.

10.     Plaintiff began working for the City of St. Louis on July 13, 2015 in the Department of Public Utilities.

11.     Plaintiff started as a utility worker and then was promoted to a water maintenance position known as "pipe man" in February 2016.

12.     Plaintiff was injured while working on March 11, 2016 when a backhoe bucket slammed into him.

13.     Plaintiff's back shoulder, hip and torso was injured by the backhoe, including numerous disk bulges.

14.     Plaintiff's doctor told him that he needed a hip replacement.

15.     Plaintiff filed a worker's compensation claim for the backhoe injuries.

16.     Plaintiff missed 105 days of work due to being hit by the backhoe.

17.     Plaintiff worked light duty from July 2016 through September 20, 2016.

2

18.     Plaintiff had complications from a spine injection treatment for the backhoe injuries.

19.     Plaintiff had to be admitted to the hospital for approximately one week because of this.

20.     The worker comp Doctor removed plaintiff's restrictions on November 1, 2017, though Plaintiff's disk budges and hip were not cured.

21.     Plaintiff took FMLA from March 23, 2017 to June 12, 2017 because of hip and back pain.

22.     Defendant City of St. Louis reassigned plaintiff to a new crew when he returned to work.

23.     Plaintiff's supervisor "Mack" assigned him to the "Meter and Tap" crew for one day.

24.     Mack then assigned plaintiff to a different water crew under Pat Robertson.

25.     Robertson and the other worker on the crew, Antoine, harassed Plaintiff regarding his age and disabilities.

26.     Plaintiff lost an eye in 1996.

27.     Antoine said that they did not want Plaintiff on the crew because of his "old one-eyed ass".

28.     Antoine stated that he would "smack the shit" out of Plaintiff's "old one-eyed ass".

29.     Another coworker waived his finger in front of Plaintiff's face and teased him asking "how many are these."

30.     Other workers on Plaintiff's crew worked extra hours, however Plaintiff was not permitted to work extra hours.

31.     Robertson told me Plaintiff that he would keep Plaintiff on his crew if Plaintiff paid him money.

32.     Plaintiff complained to his managers verbally and through a written complaint given to the City on June 26, 2017 that Plaintiff was discriminated against because of his age and disability and about his difficulties performing the job due to his disabilities.

33.     Plaintiff requested to be accommodated for his disabilities by being placed on a different crew or to be given his old position of Maintenance Worker which he was capable of performing.

34.     Plaintiff met with the superintendent Vince Phoby and told him that Plaintiff had been harassed and discriminated against.

35.     Phoby responded to Plaintiff's complaint that the crew was going out and that Plaintiff could either go with them or go home.

36.     Plaintiff requested reassignment to a position he would be capable of performing on at least two occasions, including the possibility of returning to his previous job as a Water Utility Worker.

37.     The city refused to discuss relocation of Mr. Plaintiff to a different position.

38.     Plaintiff suffered heat stroke on July 22, 2017 and took leave under the Workers' Compensation Law.

39.     Plaintiff's physical limitations were known by Plaintiff's managers.

40.     Plaintiff reported to work several times and was told by his managers that there was no work for him to do.

4

41.     Plaintiff has an extensive education history that would qualify him for many jobs available within the City of Saint Louis.

42.     Plaintiff has an extensive work history that would qualify him for many jobs available within the City of Saint Louis.

43.     There were available positions within the City of Saint Louis which Cole was qualified for and able to perform which were open and available at the time he was terminated including, but not limited to:

      a.   Water Meter Worker;

      b.   Water System Inspector;

      c.   Water utility worker.

44.     Cole had performed the duties of Water Meter Worker on the first day after his return from workers' compensation leave, and was able to perform the duties of that position.

*45.*     The City of Saint Louis' *Reasonable Accommodation Policy* requires the city to provide reasonable accommodations to its employees, and this includes transferring an employee to another vacant position. *Joint Reg. 2, III. H.* Ex. A.

46.     The City failed to follow its own Reasonable Accommodation Policy by failing to transfer Plaintiff to another vacant position.

47.     The City terminated Cole on September 29, 2017.

48.     Plaintiff has been harassed, discriminated and retaliated against based upon his age and disability and because of his complaints of harassment and discrimination.

49.     Plaintiff has been subjected to a hostile work environment due to his age, disability and complaints regarding the harassment and discrimination.

5

50.     Plaintiff was subject to unwelcome harassment and discrimination by the Defendants and its agents and employees.

51.     During Plaintiff's term of employment, he was harassed and discriminated against in that he was subjected to hostile, offensive, abusive and unwelcome conduct and statements.

52.     The harassment Plaintiff was subjected to was based on his age and disabilities.

53.     Defendants established and permitted an environment very hostile to disabled and older workers, and made it very difficult for the Plaintiff to perform his job duties.

54.     The harassment and discrimination of the Plaintiff affected a term, condition, or privilege of his employment.

55.     Defendant was aware of the harassment and discrimination inflicted on the Plaintiff.

56.     The management staff for the Defendants was unsupportive of the Plaintiff's complaints.

57.     Despite the complaints by Plaintiff, offensive, abusive and unwelcomed conduct toward the Plaintiff continued.

58.     The harassment and discrimination Plaintiff was subjected to was frequent and continuing in nature.

59.     Defendants took discriminatory and harassing actions towards the Plaintiff in regards to his job duties and by treating younger non-disabled employees more favorable, by retaliating against the Plaintiff because of his complaints of discrimination and harassment, and by terminating him.

60.    The discriminatory and harassing actions of Plaintiff's coworkers, managers and supervisors were sufficiently severe and/or pervasive that a reasonable person would find Plaintiff's work environment to be hostile, offensive and/or abusive.

61.    Plaintiff found his work environment to be hostile, offensive and/or abusive.

62.    Plaintiff complained to supervisors for the City about the issues but they each refused to address the situation.

63.    The City was aware of Plaintiff's disabilities.

64.    The City failed to reasonably accommodate Plaintiff's disabilities.

65.    Defendant did not exercise reasonable care to prevent and promptly correct any harassing and discriminatory behavior by its employees.

66.    Defendant failed to provide the Plaintiff any preventive or corrective opportunities.

67.    Plaintiff was subject to discriminatory actions by the Defendant City and its agents and employees.

68.    The Defendant's actions were directly and causally connected to Plaintiff's opposition of practices prohibited by the MHRA.

69.    Plaintiff was harassed, discriminated against, and terminated by the Defendant because of his age and disabilities and because of Plaintiff's complaints of discrimination and harassment and his exercising his rights under the Missouri Human Rights Act, as it relates to employment.

70.    Defendant limited, segregated, or classified Plaintiff in a way which would deprive or tend to deprive his of employment opportunities or otherwise adversely affect his

7

status as an employee, because of age, disability, and because of his complaints of harassment and discrimination.

71.     Defendant harassed, discharged and discriminated against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment, because of his of age, disability, and because of his complaints of harassment and discrimination.

72.     Defendant harassed, retaliated and discriminated against Plaintiff because he opposed practices prohibited by Chapter 213 R.S.Mo. and/or because he filed a complaint, testified, assisted, or participated in investigations, proceedings or hearings conducted pursuant to Chapter 213 R.S.Mo.

73.     Defendant City, by its actions and failures to act, including but not limited to those described above, have consistently harassed, retaliated and discriminated against the Plaintiff on account of his age and disability and complaints of harassment and discrimination on a continuing basis, since June 12, 2017 to the date Plaintiff's employment ended on September 29, 2017, as an act or part of a pattern or practice of discrimination by the Defendants, as it relates to employment.

74.     Defendant City, by its actions and failures to act, including but not limited to those described above, have consistently harassed, retaliated and discriminated against their employees on account of their age and disability and complaints of harassment and discrimination on a continuing basis, as an act or part of a pattern or practice of discrimination by the Defendant, as it relates to employment.

75.     Plaintiff's race, sex, gender, his complaints of harassment and discrimination and opposition to practices prohibited by Chapter 213 of the Missouri Revised Statutes were a

contributing and motivating factor and the exclusive cause in Defendant's retaliation and actions against his including his termination.

76.     Plaintiff has suffered financial loss, incurred attorney fees and costs, decreased business opportunities, emotional pain, suffering, inconvenience, loss of enjoyment of life as a result of the actions of the Defendant City.

77.     The Defendant's articulated reasons for its actions were pretexts for unlawful actions.

78.     The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff's rights.

79.     Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

80.     Plaintiff's MHRA claims in part accrued prior to August 28, 2017 and his claim is alleged under the MHRA as it existed prior to that date.  Any application of the new amended MHRA to this case would violate the Missouri Constitution.

81.     Plaintiff timely filed a charge of discrimination with the EEOC which was dually filed with the Missouri Commission on Human Rights.


**WHEREFORE**, the Plaintiff Todd Cole prays this court after a trial, for which a jury is hereby demanded, to find that the Defendant City of St. Louis has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendants to make Plaintiff whole for the loss of income he has suffered as a result of the unlawful acts of harassment, discrimination, and retaliation, including back pay from the time of the unlawful harassment,

discrimination, and retaliation with interest thereon and fringe benefits, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $25,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; for interest on all amounts awarded, Grant such additional and affirmative relief as the Court may deem just and proper.

## COUNT II -- VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

82.    Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of his First Amended Petition.

83.    Plaintiff is disabled as defined under the Americans with Disabilities Act of 1990.

84.    The Plaintiff's disabilities inhibit major life activities including working.

85.    The Plaintiff is a member of the class of people intended to be protected by the Americans with Disabilities Act of 1990, as amended.

86.    At all relevant times herein, the Defendant was an employer as defined by the Americans with Disabilities Act of 1990, as amended.

87.    Defendants intentionally engaged in unlawful employment practices in violation of 42 U.S.C. § 12101, *et seq.*, of Title I of the Americans with Disabilities Act of 1990, as amended, by practices including but not limited to the following:

  a.   Treating Plaintiff differently than similarly situated individuals because of his disability;

  b.   Failing to accommodate Plaintiff's disability,

10

    c.  Assigning plaintiff to less desirable assignments,

    d.  Assigning plaintiff to more difficult assignments,

    e.  Refusing to assign Plaintiff to additional positions for which he was qualified
for;

    f.  Harassing Plaintiff; and,

    g.  Terminating Plaintiff's employment because of his disability.

88.    As a direct and proximate result of these unlawful employment practices, Plaintiff has suffered losses of wages, benefits, experience, and career advancement, incurred attorney fees and also have suffered mental anguish and humiliation.

89.    Because of these damages, Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to reinstatement, lost wages, and benefits in accordance with the provisions of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq*.

**WHEREFORE**, Plaintiff prays this honorable court enter Judgment against the Defendant and in favor of the Plaintiff, to award the Plaintiff actual damages in the amount determined at trial but in excess of $25,000.00, for nominal damages in the event no actual damages are found, for back pay, front pay, for lost benefits, for punitive damages, for interest, for his costs and attorney's fees, for damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering and for such other and further relief as the Court deems just and proper.

11

## COUNT III– VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT.

90.    Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of his First Amended Petition.

91.    At all relevant times, Plaintiff was over 40 years of age and thus is protected under the ADEA, 29 U.S.C. § 631.

92.    Plaintiff was at all times relevant herein a member of a "Protected Group" of individuals under the ADEA within the meaning of 29 U.S.C. § 631(a).

93.    Defendant is an employer within the meaning of 29 U.S.C. § 630(b).

94.    29 U.S.C. § 623 states, in part:

(a) Employer Practices. It shall be unlawful for an employer -- (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . .

(d) Opposition to unlawful practices; participation in investigations, proceedings, or litigation. It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

95.    Defendants violated the ADEA by discriminating and retaliating against Plaintiffs

with respect to the terms and conditions of his employment by:

    a.    Treating Plaintiff differently than similarly situated individuals because of

        his disability;

    b.    Failing to accommodate Plaintiff's disability,

    c.    Assigning plaintiff to less desirable assignments,

    d.    Assigning plaintiff to more difficult assignments,

    e.    Refusing to assign Plaintiff to additional positions for which he was qualified

        for;

    f.    Harassing Plaintiff; and,

    g.    Terminating Plaintiff's employment because of his disability.

96.    Defendant treated Plaintiff less favorably than younger employees.

97.    Defendant retaliated against Plaintiff for his complaints of discrimination.

98.    Defendant discriminated against plaintiff because of his age.

99.    Plaintiff is an "aggrieved person" within the meaning of § 626 of the Act and has

suffered damage for which he is entitled to legal and to equitable relief as

provided in the Act, 29 U.S.C. § 626(b) and (c) and under the FLSA, 29 U.S.C. §

216.

100.    Plaintiff is entitled to legal and equitable relief including compensatory damages

sufficient to make Plaintiff whole for all losses suffered as a result of Defendant's

unlawful discrimination, liquidated damages and to restore to him all seniority,

pension and other benefits he would have had but for the unlawful discrimination

and retaliation is necessary and appropriate relief and will effectuate the purposes

of the ADEA.

101.   Upon information and belief, Defendant's violation of the ADEA was willful so as to subject Defendant to liability for liquidated damages under 29 U.S.C. § 626(b) and 29 U.S.C. § 216 in an amount equal to Plaintiff's monetary damages.

102.   Plaintiff is entitled to preliminary and permanent equitable and injunctive relief, including, but not limited to, all seniority, benefits, and back pay.

103.   Plaintiff has been damaged and suffered economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses and monetary loss as well as non-economic damages all of which they are entitled to recover from Defendants plus pre-judgment interest, attorneys' fees and costs.

104.   The actions of Defendants were done in reckless indifference to Plaintiff's federally protected rights and Plaintiff is therefore entitled to recover punitive damages and exemplary damages

**WHEREFORE**, Plaintiff prays this honorable court enter Judgment against the Defendant and in favor of the Plaintiff, to award the Plaintiff actual damages in the amount determined at trial but in excess of $25,000.00, for nominal damages in the event no actual damages are found, for back pay, front pay, for lost benefits, for punitive damages, for interest, for his costs and attorney's fees, for damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering and for such other and further relief as the Court deems just and proper.

## COUNT IV – VIOLATIONS OF THE WORKERS' COMPENSATION LAW

105.   Plaintiff re-alleges and incorporates by reference all facts contained in the previous paragraphs of his Petition as though fully stated herein.

106.   This count is authorized and instituted under The Workers' Compensation Law (WCL), Section 287.010 RSMo. et seq., and more particularly Section 287.780 RSMo

107.   Plaintiff was an employee of the Defendant at all times described herein.

108.   § 287.780 RSMo. states "No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter. Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer."

109.   Plaintiff exercised and/or attempted to exercise his rights under Chapter 287 of the Missouri Revised Statutes.

110.   Defendant discriminated against and/or discharged the Plaintiff including but not limited to:

   a.   Discouraging and/or preventing him from exercising his rights under The Workers' Compensation Law (WCL), Chapter 287 of the Missouri Revised Statutes;

   b.   Harassing Plaintiff;

   c.   Refusing to give plaintiff sufficient time off to recover from his injuries;

   d.   Refusing to investigate plaintiff's allegations;

   e.   Refusing to make reasonable accommodations for Plaintiff's injuries;

   f.   Terminating Plaintiff from employment.

15

111.   Defendant's discrimination and/or discharge of the Plaintiff were a direct result of Plaintiff's exercising or attempting to exercise her rights under Chapter 287 of the Missouri Revised Statutes.

112.   Defendant had no legitimate reason for engaging in said discrimination and/or discharge.

113.   Plaintiff's exercising or attempt to exercise his rights under Chapter 287 of the Missouri Revised Statutes was a contributing factor, the motivating factor, and the exclusive cause for Defendant's discrimination and/or discharged against Plaintiff.

114.   The Defendant's conduct was outrageous because of the Defendant's evil motive and reckless indifference to the Plaintiff's rights.

115.   As a direct and proximate result of the Defendant's unlawful employment practices, Plaintiff has suffered loss of wages, benefits, experience, and career advancement, as well as suffered mental anguish and humiliation.

WHEREFORE, Plaintiff prays the court award Judgment against the Defendant City of Saint Louis, Missouri in an amount to be determined at trial but in excess of $25,000.00, for punitive damages in an amount to be determined at trial, for her costs, and for such other and further relief as the court deems just and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiff, through counsel, respectfully requests a trial by jury on all issues.

Respectfully submitted,

**KASPER LAW FIRM, LLC**

By: */s/ Kevin J. Kasper*
Kevin J. Kasper, #52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of the foregoing was served via the courts' efile system to all attorneys of record.

*/s/ Kevin J. Kasper*

17

**FILED**

MAR 1 4 2019

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY_____ DEPUTY

**MISSOURI CIRCUIT COURT**
**TWENTY SECOND JUDICIAL CIRCUIT**
**[ST. LOUIS CITY]**

TODD COLE,                          )
                                    )
PLAINTIFF,                          )
                                    )
v.                                  )     Case No. 1822-CC11566
                                    )
                                    )     Division **ENTERED**
CITY OF ST. LOUIS,                  )
                                    )                MAR 1 4 2019
DEFENDANT.                          )
                                                      **JGC**

## PROTECTIVE ORDER

Come now the parties hereto and by and through their respective counsel hereby make the following Stipulation for a Protection Order, pursuant to Missouri Supreme Court Rule 56.01(c) that shall govern the disclosure of all information during the course of this matter (the "Litigation") as follows:

1.      Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily (hereafter, collectively, "Discovery Materials"), may be designated by a producing party under this Protective Order.

2.      "Confidential" information shall include any Discovery Materials which the producing party reasonably believes not to be in the public domain and contains private, medical, sensitive, and/or personal information.

3.      Any Discovery Materials that are "Confidential": (a) may be so designated by the producing party by providing copies of the Discovery Materials stamped with the legend "CONFIDENTIAL" (notwithstanding any typographical settings).

4.      The following potential Discovery Materials, if produced in this matter, shall be determined and treated as "Confidential" regardless of whether they are stamped with the legend "CONFIDENTIAL."

   a.   Any and all disciplinary files of any non-party employee of the Defendant; however, employees' social security numbers and emergency contact/family information may be redacted.

   b.   All personnel files of any non-party employees, including those maintained by the

1

City's Human Resources section and any files maintained by other sections of the Water Division. Personnel files include, but are not limited to, the following material: employment/ promotional applications, wage and earnings records, job performance assessments/evaluations, job assignments, workers' compensation records and reports, investigative records, complaints, comments, writings/memoranda from any fellow employee or supervisor, disciplinary records, leave records (sick, vacation, personal, and otherwise).

5.      Inadvertent production of or failure to designate any information as "Confidential" shall not be deemed a waiver of the producing party's claim of confidentiality as to such information, and the producing party may thereafter designate such information as "Confidential" as appropriate. The receiving party must treat such information as "Confidential" from the date designation is received. Disclosure, prior to the receipt of designation, of such information to persons not authorized to receive "Confidential" information shall not be deemed a violation of this Order. However, after receipt of designation, the receiving party must immediately take reasonable steps to retrieve all information that is "Confidential" that is in the possession or control of persons not authorized to receive "Confidential" Information.

6.      If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to the attorney-client privilege, work product doctrine, or other applicable privilege, such production shall not be deemed a waiver of any privilege, and the producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware and shall immediately return the original and all such copies to the producing party. The return of the document and/or information to the producing party shall not preclude the receiving party from later moving the Court to compel production of the returned documents and/or information.

7.      Any discussion in a deposition or transcript of a document previously designated as "Confidential" shall automatically be considered designated with the same treatment as the underlying document without further designation.

8.      "Confidential" information shall be used solely for the purposes of this Litigation between these parties and for no other purpose. "Confidential" information obtained per

2

"Confidential" information shall make all reasonable efforts to destroy all documents, images or other media containing "Confidential" information, and all duplicates thereof, except that counsel for a party may retain one (1) copy of the records produced pursuant to this Protective Order, which copy shall be maintained in counsel's files and which documents shall continue to be subject to the terms of this Protective Order. Should a party request his/her/its file from counsel, any material produced pursuant to and subject to this Protective Order shall be returned to the producing party or destroyed prior to the release of such file to the requesting party.

13.     No information obtained under this Order shall be added to any electronic database for any other purpose than (a) the manipulation of data for this action; or (b) the creation/storage of a duplicate electronic image of the documents, both of which are subject to the restrictions in Paragraph 12

14.     A party disclosing "Confidential" information to an expert or consultant described in paragraph 10(d) must first: (i) advise the recipient such information is "Confidential" information and may only be used in connection with this action; and (ii) provide the recipient with a copy of this Order.

15.     If the receiving party disagrees with the designation by the producing party or non-party of any Discovery Materials as "Confidential" information then the parties to the dispute will attempt to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as "Confidential" information pending resolution of the parties' dispute. If the dispute cannot be resolved informally, the producing party or non-party bears the burden of persuading the Court that the information is in fact "Confidential" information and is entitled to the protections associated therewith consistent with the intent of this Order.

16.     If it becomes necessary to submit "Confidential" information to the Court in connection with any filings or proceedings in this litigation, the party using it shall file such "Confidential" information under seal with the Court.

17.     Entering into, agreeing to, and/or complying with the terms of this Order shall not:

        a.  operate as an admission by any party that any particular documents or material contain private, medical, sensitive, and/or personal information; or

        b.  prejudice in any way the right of a party at any time:

            i.  to seek a determination by the Court of whether a particular document or

discovery in this case shall not be used in any other litigation, arbitration, mediation, or other proceeding of any type unless it becomes a matter of public record at trial or otherwise.

9.      Nothing herein shall impose any restrictions on the use or disclosure by a party or witness, of documents, material, or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material, or information are also obtained through discovery proceedings in this action.

10.     "Confidential" information may be disclosed only to the following persons:

    a. The Court and court personnel;

    b. Individuals providing court reporting services, copying services or other clerical support that are engaged by the parties or the Court for purposes of this Litigation;

    c. The lawyers of record for a party as well as their staff;

    d. Consultants and experts and the principals and employees of those consultants and experts that assist the expert or consultant with his or her work in this Litigation;

    e. The named parties to the action.

    f. Witnesses to the matters described in the Petition and/or Answer (provided the disclosure is reasonably calculated to be in furtherance of prosecuting or defending this Litigation") but said witness shall not have custody, control or copies of any "Confidential" documents.

11.     In addition to the categories of individuals set forth in Paragraph 10 above, "Confidential" information may be disclosed to an employee or agent of the party or non-party producing such "Confidential" information, so long as the party or non-party producing the "Confidential" information has authorized its agent or employee to receive such information.

12.     "Confidential" information shall not be copied or reproduced except to the extent such copying or reproduction is reasonably necessary to the conduct of this Litigation or as permitted herein. All such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies of "Confidential" information are made does not reproduce the "CONFIDENTIAL" stamp appearing on the original, all copies shall be stamped with a "CONFIDENTIAL" designation. All copies of "Confidential" information shall be kept under the control of person(s) described in paragraph 10(a) through (e) above to whom the same is produced.  Upon final conclusion of this litigation, to include any appeals, anyone possessing

3

piece of information should be subject to the terms of this Order;

ii.  to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document or piece of information;

iii.  to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information;

iv.  to seek documents or other information from any source; or

v.  to object to the admissibility of the documents and/or information at trial.

18.  The parties' agreement to this Order does not constitute a waiver of any claim of attorney-client privilege, attorney work-product protection, or common interest privilege that might exist with respect to those documents produced or any other documents or communications, written or oral, including, without limitation, other communications referred to in any documents that may be produced.

19.  The inadvertent inclusion of any privileged material in any discovery shall not result in the waiver of any associated privilege nor result in a subject matter waiver of any kind.

20.  The parties shall return any privileged material inadvertently disclosed immediately upon notice of the disclosure.

21.  This Order shall not affect the right of any party or non-party to oppose production of Discovery Materials on any ground permitted by the Rules of Civil Procedure, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Rules of Civil Procedure.

22.  Nothing in this Order shall prejudice the right of any party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Materials or to seek modifications of or relief from any provision of this Order upon due notice to all other parties and affected non-parties.

SO ORDERED:

Date: __March 14, 2019__

DIV. I.

5



FILED

MAR 0 5 2019

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY_____ MS _____ DEPUTY

# MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
### (CITY OF ST. LOUIS)

Todd Cole

**VS**

City of St. Louis

CASE NO. 1822-CC11566   DIVISION   6          March 5   2019

---

### ORDER/JUDGMENT/MEMORANDUM

Plaintiff granted leave to file 1st Amended
petition, which was moved to be filed in cause no.
1822-CC11004.

So Ordered

**ENTERED**

MAR 0 5 2019

**M S**

FORM 14 (Rev 11/02)

Electronically Filed - City of St. Louis - February 19, 2019 - 08:13 PM

**MISSOURI CIRCUIT COURT**
**TWENTY SECOND JUDICIAL CIRCUIT**
**[ST. LOUIS CITY]**

| | | |
|---|---|---|
| **TODD COLE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No. 1822-CC11566** |
| **v.** | ) | |
| | ) | **Division 1** |
| **CITY OF ST. LOUIS,** | ) | |
| | ) | |
| Defendant. | ) | |

<u>**ENTRY OF APPEARANCE**</u>

COMES NOW Brandon Laird Assistant City Counselor, and enters his appearance as counsel of record for Defendants City of St. Louis.

Respectfully Submitted,

**JULIAN BUSH,**
**CITY COUNSELOR**

*/s/ Brandon Laird*
Brandon Laird
Mo. Bar No. 65564
Assistant City Counselor
Room 314, City Hall
1200 Market St.
St. Louis, MO 63103
(314) 622-4652
lairdb@stlouis-mo.gov
                    *Attorney for Defendant*

Electronically Filed - City of St. Louis - February 19, 2019 - 08:13 PM

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2019 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all attorneys of record.

*/s/ Brandon Laird*
Brandon Laird
Assistant City Counselor

Electronically Filed - City of St. Louis - December 05, 2018 - 03:46 PM

**MISSOURI CIRCUIT COURT**
**TWENTY SECOND JUDICIAL CIRCUIT**
**[ST. LOUIS CITY]**

| | | |
|---|---|---|
| TODD COLE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No. 1822-CC11566 |
| v. | ) | |
| | ) | Division 1 |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

<u>**ENTRY OF APPEARANCE**</u>

    COMES NOW Abby Duncan, Assistant City Counselor, and enters her appearance as counsel of record for Defendant City of St. Louis.  To the extent it is applicable in this case, Abby Duncan, Assistant City Counselor, also enters her appearance as counsel for Defendants Civil Service Commission of the City of St. Louis, Steven Barney, Stanley Newsome, and Leo Donahue.

                         Respectfully Submitted,

                         **JULIAN BUSH,**
                         **CITY COUNSELOR**

                         <u>/s/ Abby Duncan</u>
                         Abby Duncan #67766
                         Assistant City Counselor
                         Room 314, City Hall
                         1200 Market St.
                         St. Louis, MO 63103
                         (314) 622-4694
                         DuncanA@stlouis-mo.gov

Electronically Filed - City of St. Louis - December 05, 2018 - 03:46 PM

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2018 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all attorneys of record.

/s/ Abby Duncan

Electronically Filed - City of St. Louis - December 05, 2018 - 06:18 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

TODD COLE,                          )
                                    )
        Plaintiff,                  )
                                    )        Cause No.: 1822-CC11566
v.                                  )
                                    )        Division: 1
CITY OF ST. LOUIS,                  )
                                    )
        Defendant.                  )

**DEFENDANT CITY OF ST. LOUIS'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION FOR VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT**

COMES NOW Defendant City of St. Louis ("Defendant"), by and through undersigned counsel, and hereby denies everything not specifically admitted herein, and for its Answer and Affirmative Defenses to Plaintiff Todd Cole's ("Plaintiff") Petition for Violations of the Missouri Human Rights Act, states as follows:

**JURISDICTION AND PARTIES**

1.      Defendant ADMITS that venue in proper in the Circuit Court of the City of St. Louis. Defendant otherwise DENIES the remaining allegations in paragraph 1 of Plaintiff's Petition.

2.      Defendant ADMITS this Court may entertain claims brought under the Missouri Human Rights Act. Defendant otherwise DENIES the remaining allegations in paragraph 2 of Plaintiff's Petition.

3.      Defendant ADMITS that the City of St. Louis is a charter city organized and existing under the laws of the State of Missouri. Defendant DENIES the remaining allegations in paragraph 3 of Plaintiff's Petition.

Electronically Filed - City of St. Louis - December 05, 2018 - 06:18 PM

4.      Defendant is without sufficient knowledge with which to admit or deny the allegations in paragraph 4, and therefore, DENIES the same.

5.      Defendant ADMITS that the City of St. Louis is a charter city organized and existing under the laws of the State of Missouri.  Defendant DENIES the remaining allegations in paragraph 5 of Plaintiff's Petition.

6.      In the Court's order dated November 5, 2018, Plaintiff's claim for Administrative Review was severed from the Missouri Human Rights Act claim; therefore, no response is required as to the Civil Service Commission.  To the extent an answer is required, Defendant DENIES the allegations in paragraph 6.

7.      In the Court's order dated November 5, 2018 Plaintiff's claim for Administrative Review was severed from his Missouri Human Rights Act claim; therefore, no response is required as to the Civil Service Commission or its members.  To the extent an answer is required, Defendant DENIES the allegations in paragraph 7.

## COUNT I – VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT
## AGAINST CITY OF SAINT LOUIS

8.      Defendant hereby reincorporates its answers to paragraphs 1-7 as fully stated herein.

9.      Paragraph 9 states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant DENIES the same.

10.      Defendant ADMITS the allegations in paragraph 10 of Plaintiff's Petition.

11.      Defendant DENIES the allegations in paragraph 11 of Plaintiff's Petition.

12.      Defendant ADMITS the allegations in paragraph 12 of Plaintiff's Petition.

13.      Defendant ADMITS the allegations in paragraph 13 of Plaintiff's Petition.

Electronically Filed - City of St. Louis - December 05, 2018 - 06:18 PM

14.    Defendant DENIES the allegations in paragraph 14 of Plaintiff's Petition.

15.    Defendant ADMITS that Plaintiff was in an accident involving a backhoe on March 11, 2016.  Defendant DENIES the remaining allegations in paragraph 15 of Plaintiff's Petition.

16.    Defendant DENIES the allegations in paragraph 16 of Plaintiff's Petition.

17.    Defendant is without sufficient knowledge with which to admit or deny the allegations in paragraph 17, and therefore, DENIES the same.

18.    Defendant is without sufficient knowledge with which to admit or deny the allegations in paragraph 18, and therefore, DENIES the same.

19.    Defendant DENIES the allegations in paragraph 19 of Plaintiff's Petition.

20.    Defendant DENIES the allegations in paragraph 20 of Plaintiff's Petition.

21.    Defendant is without sufficient knowledge with which to admit or deny the allegations in paragraph 21, and therefore, DENIES the same.

22.    Defendant is without sufficient knowledge with which to admit or deny the allegations in paragraph 22, and therefore, DENIES the same.

23.    Defendant ADMITS that a physician released Plaintiff for full duty on November 1, 2016.  Defendant DENIES the remaining allegations in paragraph 23 of Plaintiff's Petition.

24.    Defendant DENIES the allegations in paragraph 24 of Plaintiff's Petition.

25.    Defendant DENIES the allegations in paragraph 25 of Plaintiff's Petition.

26.    Defendant DENIES the allegations in paragraph 26 of Plaintiff's Petition.

27.    Defendant DENIES the allegations in paragraph 27 of Plaintiff's Petition.

28.    Defendant DENIES the allegations in paragraph 28 of Plaintiff's Petition.

Electronically Filed - City of St. Louis - December 05, 2018 - 06:18 PM

29.     Defendant is without sufficient knowledge with which to admit or deny the allegations in paragraph 29, and therefore, DENIES the same.

30.     Defendant DENIES the allegations in paragraph 30 of Plaintiff's Petition.

31.     Defendant DENIES the allegations in paragraph 31 of Plaintiff's Petition.

32.     Defendant DENIES the allegations in paragraph 32 of Plaintiff's Petition.

33.     Defendant DENIES the allegations in paragraph 33 of Plaintiff's Petition.

34.     Defendant DENIES the allegations in paragraph 34 of Plaintiff's Petition.

35.     Defendant ADMITS that on June 26, 2017, Plaintiff submitted a written complaint to his supervisor alleging harassment due to his age and disability.  Defendant DENIES the remaining allegations in paragraph 35 of Plaintiff's Petition.

36.     Defendant DENIES the allegations in paragraph 36 of Plaintiff's Petition.

37.     Defendant DENIES the allegations in paragraph 37 of Plaintiff's Petition.

38.     Defendant DENIES the allegations in paragraph 38 of Plaintiff's Petition.

39.     Defendant DENIES the allegations in paragraph 39 of Plaintiff's Petition.

40.     Defendant DENIES the allegations in paragraph 40 of Plaintiff's Petition.

41.     Defendant ADMITS that on July 22, 2017, Plaintiff filed an injury report. Defendant DENIES the remaining allegations in paragraph 41 of Plaintiff's Petition.

42.     Defendant DENIES the allegations in paragraph 42 of Plaintiff's Petition.

43.     Defendant DENIES the allegations in paragraph 43 of Plaintiff's Petition.

44.     Defendant DENIES the allegations in paragraph 44 of Plaintiff's Petition.

45.     Defendant DENIES the allegations in paragraph 45 of Plaintiff's Petition.

46.     Defendant DENIES the allegations in paragraph 46 of Plaintiff's Petition.

47.     Defendant DENIES the allegations in paragraph 47 of Plaintiff's Petition.

Electronically Filed - City of St. Louis - December 05, 2018 - 06:18 PM

48.     Defendant's Reasonable Accommodation Policy speaks for itself; therefore, no answer is required.  To the extent an answer is required, Defendant DENIES the allegations in paragraph 48.

49.     Defendant DENIES the allegations in paragraph 49 of Plaintiff's Petition.

50.     Defendant DENIES the allegations in paragraph 50 of Plaintiff's Petition.

51.     Defendant DENIES the allegations in paragraph 51 of Plaintiff's Petition.

52.     Defendant DENIES the allegations in paragraph 52 of Plaintiff's Petition.

53.     Defendant DENIES the allegations in paragraph 53 of Plaintiff's Petition.

54.     Defendant DENIES the allegations in paragraph 54 of Plaintiff's Petition.

55.     Defendant DENIES the allegations in paragraph 55 of Plaintiff's Petition.

56.     Defendant DENIES the allegations in paragraph 56 of Plaintiff's Petition.

57.     Defendant DENIES the allegations in paragraph 57 of Plaintiff's Petition.

58.     Defendant DENIES the allegations in paragraph 58 of Plaintiff's Petition.

59.     Defendant DENIES the allegations in paragraph 59 of Plaintiff's Petition.

60.     Defendant DENIES the allegations in paragraph 60 of Plaintiff's Petition.

61.     Defendant DENIES the allegations in paragraph 61 of Plaintiff's Petition.

62.     Defendant DENIES the allegations in paragraph 62 of Plaintiff's Petition.

63.     Defendant DENIES the allegations in paragraph 63 of Plaintiff's Petition.

64.     Defendant DENIES the allegations in paragraph 64 of Plaintiff's Petition.

65.     Defendant DENIES the allegations in paragraph 65 of Plaintiff's Petition.

66.     Defendant DENIES the allegations in paragraph 66 of Plaintiff's Petition.

67.     Defendant DENIES the allegations in paragraph 67 of Plaintiff's Petition.

68.     Defendant DENIES the allegations in paragraph 68 of Plaintiff's Petition.

Electronically Filed - City of St. Louis - December 05, 2018 - 06:18 PM

69.     Defendant DENIES the allegations in paragraph 69 of Plaintiff's Petition.

70.     Defendant DENIES the allegations in paragraph 70 of Plaintiff's Petition.

71.     Defendant DENIES the allegations in paragraph 71 of Plaintiff's Petition.

72.     Defendant DENIES the allegations in paragraph 72 of Plaintiff's Petition.

73.     Defendant DENIES the allegations in paragraph 73 of Plaintiff's Petition.

74.     Defendant DENIES the allegations in paragraph 74 of Plaintiff's Petition.

75.     Defendant DENIES the allegations in paragraph 75 of Plaintiff's Petition.

76.     Defendant DENIES the allegations in paragraph 76 of Plaintiff's Petition.

77.     Defendant DENIES the allegations in paragraph 77 of Plaintiff's Petition.

78.     Defendant DENIES the allegations in paragraph 78 of Plaintiff's Petition.

79.     Defendant DENIES the allegations in paragraph 79 of Plaintiff's Petition.

80.     Defendant DENIES the allegations in paragraph 80 of Plaintiff's Petition.

81.     Defendant DENIES the allegations in paragraph 81 of Plaintiff's Petition.

82.     Defendant DENIES the allegations in paragraph 82 of Plaintiff's Petition.

83.     Paragraph 83 states a legal conclusion for which no answer is required. To the extent an answer is required, Defendant DENIES the same.

84.     Defendant DENIES the allegations in paragraph 84 of Plaintiff's Petition.

**COUNT II- DE NOVO JUDICIAL REVIEW UNDER § 536.100 - 536.400 R.S.Mo.**

On November 5, 2018, the Court entered an order severing Plaintiff's claim for Administrative Review from his claim under the Missouri Human Rights Act; therefore, no response is required as to Plaintiff's Count II. To the extent an answer is required, Defendant DENIES the allegations in paragraphs 85-93 of Plaintiff's Petition.

Electronically Filed - City of St. Louis - December 05, 2018 - 06:18 PM

## AFFIRMATIVE DEFENSES

For further answer and defense, Defendant states:

1.      There is another action pending between the same parties for the same cause in this state.

2.      Plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata.

3.      Plaintiff has not suffered a compensable injury.

4.      Plaintiff's claims are barred because Plaintiff's alleged damages, if any, are speculative.

5.      Plaintiff's Petition fails to state a cause of action or claim upon which relief can be granted against Defendant.

6.      Plaintiff's claims against the City of St. Louis are barred by the doctrine of sovereign immunity.

7.      For further answer and affirmative defense, to the extent that Plaintiff bases his claims on acts which occurred 180 days prior to the filing of his administrative charge, such claims are time-barred.

8.      For further answer and affirmative defense, to the extent that Plaintiff asserts claims not raised in his administrative charge, the Plaintiff has failed to exhaust his administrative remedies as to such claims.

WHEREFORE, having fully answered Plaintiff's Petition, Defendant moves this Court to dismiss with prejudice Plaintiff's Petition against it, to award its costs and fees herein expended, and for such other and further relief as this Court deems proper.

Electronically Filed - City of St. Louis - December 05, 2018 - 06:18 PM

Respectfully submitted,

JULIAN BUSH
CITY COUNSELOR

/s/ Abby Duncan

Abby Duncan, #67766
Assistant City Counselor
1200 Market Street
City Hall, Room 314
St. Louis, MO 63103
Phone: (314) 622-4694
Fax: (314) 622-4956
DuncanA@stlouis-mo.gov

*Attorney for Defendant*

### Certificate of Service

I hereby certify that on December 5, 2018 the foregoing was filed electronically with the Clerk of the Court, and thereby delivered to all counsel of record.

/s/ Abby Duncan

**1822-CC11566**

Electronically Filed - City of St. Louis - August 16, 2018 - 03:23 PM

## IN THE CIRCUIT COURT OF CITY OF ST. LOUIS, MISSOURI
### CIRCUIT JUDGE DIVISION

| | |
|---|---|
| TODD COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No.: |
| vs. | ) |
| | ) Division: |
| CITY OF ST. LOUIS, MISSOURI, | ) |
| a Constitutional Charter City, | ) |
| Serve: | ) JURY TRIAL DEMANDED |
| Mayor Lyda Krewson | ) |
| 1200 Market | ) |
| City Hall, Room 200 | ) |
| Saint Louis, MO 63103 | ) |
| | ) |
| And, | ) |
| | ) |
| THE CIVIL SERVICE COMMISSION | ) |
| OF THE CITY OF ST. LOUIS, | ) |
| By: | ) |
| STEVEN M. BARNEY, | ) |
| Chairman, of the Civil Service | ) |
| Commission of the City of St. Louis, | ) |
| | ) |
| and | ) |
| | ) |
| STANLEY NEWSOME, SR., | ) |
| Vice-Chairman, of the Civil Service | ) |
| Commission of the City of St. Louis, | ) |
| | ) |
| and | ) |
| | ) |
| LEO DONAHUE, Member of the | ) |
| Civil Service Commission of the | ) |
| City of St. Louis, | ) |
| | ) |
| Defendants. | ) |

FILED

NOV 0 5 2018

CLERK, CIRCUIT COURT
BY _____ DEPUTY

<u>**PETITION FOR VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT, FOR VIOLATIONS OF THE MISSOURI MINIMUM WAGE LAW, AND FOR DE NOVO JUDICIAL REVIEW UNDER §536.100-536.400 R.S.Mo.**</u>

1

Electronically Filed - City of St. Louis - August 16, 2018 - 03:23 PM

COMES NOW, Plaintiff Todd Cole, by and through his attorneys, and for his Petition for Violations of the Missouri Human Rights Act, against Defendant City of St. Louis, Missouri and for Judicial Review against the City of St. Louis, The Civil Service Commission of the City of St. Louis, Steven M. Barney, Stanley Newsome, Sr. and Leo Donahue, states:

## JURISDICTION AND PARTIES

1.      Venue is proper pursuant to §508.010 and §213.111 RSMo because a substantial part of the events giving rise to this cause of action occurred in the City of St. Louis, Missouri.

2.      Jurisdiction is proper pursuant to the Missouri Human Rights Act, § 213.010 RSMo., et seq. (MHRA) and §536.140 RSMo.

3.      That Defendant City of Saint Louis (herein after "City of St. Louis") is a municipal organization operating under the laws of the State of Missouri.

4.      Plaintiff, Todd Cole is an individual who is and was at all times herein after mentioned, a resident of the State of Missouri.

5.      Defendant City of St. Louis (hereinafter "City") is a municipal corporation organized and existing under, and by virtue of, the laws of the State of Missouri.

6.      The Civil Service Commission of defendant City (hereinafter "the Commission") is a duly constituted body created pursuant to the Charter of the City of St. Louis, Art. XVIII.

7.      Defendant Steven M. Barney is the Chairman, defendant Stanley Newsome, Sr. is the Vice-Chairman and defendant Leo Donahue is a member of the Commission (hereinafter collectively referred to as "Commissioners").

## COUNT I – VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT
## AGAINST CITY OF SAINT LOUIS

Electronically Filed - City of St. Louis - August 16, 2018 - 03:23 PM

8.      Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of his Petition.

9.      This count is brought pursuant to the Missouri Human Rights Act (MHRA), Chapter 213 of the Missouri Revised Statutes.

10.     At all relevant times herein, the Defendant City of St. Louis was an employer as defined by the MHRA.

11.     Plaintiff is a member of the class of people intended to be protected by the Missouri Human Rights Act, including, section 213.010, *et seq.*

12.     Plaintiff is a male who is over the age of 40.

13.     Plaintiff began working for the City of St. Louis on July 13, 2015 in the Department of Public Utilities.

14.     Plaintiff started as a utility worker and then was promoted to a water maintenance position known as "pipe man" in February 2016.

15.     Plaintiff was injured while working on March 11, 2016 when a backhoe bucket slammed into him.

16.     Plaintiff's back shoulder, hip and torso was injured by the backhoe, including numerous disk bulges.

17.     Plaintiff's doctor told him that he needed a hip replacement.

18.     Plaintiff filed a worker's compensation claim for the backhoe injuries.

19.     Plaintiff missed 105 days of work due to being hit by the backhoe.

20.     Plaintiff worked light duty from July 2016 through September 20, 2016.

3

Electronically Filed - City of St. Louis - August 16, 2018 - 03:23 PM

21.     Plaintiff had complications from a spine injection treatment for the backhoe injuries.

22.     Plaintiff had to be admitted to the hospital for approximately one week because of this.

23.     The worker comp Doctor removed plaintiff's restrictions on November 1, 2017, though Plaintiff's disk budges and hip were not cured.

24.     Plaintiff took FMLA from March 23, 2017 to June 12, 2017 because of hip and back pain.

25.     Defendant City of St. Louis reassigned plaintiff to a new crew when he returned to work.

26.     Plaintiff's supervisor "Mack" assigned him to the "Meter and Tap" crew for one day.

27.     Mack then assigned plaintiff to a different water crew under Pat Robertson.

28.     Robertson and the other worker on the crew, Antoine, harassed Plaintiff regarding his age and disabilities.

29.     Plaintiff lost an eye in 1996.

30.     Antoine said that they did not want Plaintiff on the crew because of his "old one-eyed ass".

31.     Antoine stated that he would "smack the shit" out of Plaintiff's "old one-eyed ass".

32.     Another coworker waived his finger in front of Plaintiff's face and teased him asking "how many are these."

4

Electronically Filed - City of St. Louis - August 16, 2018 - 03:23 PM

33.     Other workers on Plaintiff's crew worked extra hours, however Plaintiff was not permitted to work extra hours.

34.     Robertson told me Plaintiff that he would keep Plaintiff on his crew if Plaintiff paid him money.

35.     Plaintiff complained to his managers verbally and through a written complaint given to the City on June 26, 2017 that Plaintiff was discriminated against because of his age and disability and about his difficulties performing the job due to his disabilities.

36.     Plaintiff requested to be accommodated for his disabilities by being placed on a different crew or to be given his old position of Maintenance Worker which he was capable of performing.

37.     Plaintiff met with the superintendent Vince Phoby and told him that Plaintiff had been harassed and discriminated against.

38.     Phoby responded to Plaintiff's complaint that the crew was going out and that Plaintiff could either go with them or go home.

39.     Plaintiff requested reassignment to a position he would be capable of performing on at least two occasions, including the possibility of returning to his previous job as a Water Utility Worker.

40.     The city refused to discuss relocation of Mr. Plaintiff to a different position.

41.     Plaintiff suffered heat stroke on July 22, 2017 and took leave under the Workers' Compensation Law.

42.     Plaintiff's physical limitations were known by Plaintiff's managers.

43.     Plaintiff reported to work several times and was told by his managers that there was no work for him to do.

5

Electronically Filed - City of St. Louis - August 16, 2018 - 03:23 PM

44.     Plaintiff has an extensive education history that would qualify him for many jobs available within the City of Saint Louis.

45.     Plaintiff has an extensive work history that would qualify him for many jobs available within the City of Saint Louis.

46.     There were available positions within the City of Saint Louis which Cole was qualified for and able to perform which were open and available at the time he was terminated including, but not limited to:

        a.   Water Meter Worker;

        b.   Water System Inspector;

        c.   Water utility worker.

47.     Cole had performed the duties of Water Meter Worker on the first day after his return from workers' compensation leave, and was able to perform the duties of that position.

*48.*     The City of Saint Louis' *Reasonable Accommodation Policy* requires the city to provide reasonable accommodations to its employees, and this includes transferring an employee to another vacant position. *Joint Reg. 2, III. H.* Ex. A.

49.     The City failed to follow its own Reasonable Accommodation Policy by failing to transfer Plaintiff to another vacant position.

50.     The City terminated Cole on September 29, 2017.

51.     Plaintiff has been harassed, discriminated and retaliated against based upon his age and disability and because of his complaints of harassment and discrimination.

52.     Plaintiff has been subjected to a hostile work environment due to his age, disability and complaints regarding the harassment and discrimination.

Electronically Filed - City of St. Louis - August 16, 2018 - 03:23 PM

53.     Plaintiff was subject to unwelcome harassment and discrimination by the Defendants and its agents and employees.

54.     During Plaintiff's term of employment, he was harassed and discriminated against in that he was subjected to hostile, offensive, abusive and unwelcome conduct and statements.

55.     The harassment Plaintiff was subjected to was based on his age and disabilities.

56.     Defendants established and permitted an environment very hostile to disabled and older workers, and made it very difficult for the Plaintiff to perform his job duties.

57.     The harassment and discrimination of the Plaintiff affected a term, condition, or privilege of his employment.

58.     Defendant was aware of the harassment and discrimination inflicted on the Plaintiff.

59.     The management staff for the Defendants was unsupportive of the Plaintiff's complaints.

60.     Despite the complaints by Plaintiff, offensive, abusive and unwelcomed conduct toward the Plaintiff continued.

61.     The harassment and discrimination Plaintiff was subjected to was frequent and continuing in nature.

62.     Defendants took discriminatory and harassing actions towards the Plaintiff in regards to his job duties and by treating younger non-disabled employees more favorable, by retaliating against the Plaintiff because of his complaints of discrimination and harassment, and by terminating him.

Electronically Filed - City of St. Louis - August 16, 2018 - 03:23 PM

63.     The discriminatory and harassing actions of Plaintiff's coworkers, managers and supervisors were sufficiently severe and/or pervasive that a reasonable person would find Plaintiff's work environment to be hostile, offensive and/or abusive.

64.     Plaintiff found his work environment to be hostile, offensive and/or abusive.

65.     Plaintiff complained to supervisors for the City about the issues but they each refused to address the situation.

66.     The City was aware of Plaintiff's disabilities.

67.     The City failed to reasonably accommodate Plaintiff's disabilities.

68.     Defendant did not exercise reasonable care to prevent and promptly correct any harassing and discriminatory behavior by its employees.

69.     Defendant failed to provide the Plaintiff any preventive or corrective opportunities.

70.     Plaintiff was subject to discriminatory actions by the Defendant City and its agents and employees.

71.     The Defendant's actions were directly and causally connected to Plaintiff's opposition of practices prohibited by the MHRA.

72.     Plaintiff was harassed, discriminated against, and terminated by the Defendant because of his age and disabilities and because of Plaintiff's complaints of discrimination and harassment and his exercising his rights under the Missouri Human Rights Act, as it relates to employment.

73.     Defendant limited, segregated, or classified Plaintiff in a way which would deprive or tend to deprive his of employment opportunities or otherwise adversely affect his

8

Electronically Filed - City of St. Louis - August 16, 2018 - 03:23 PM

status as an employee, because of age, disability, and because of his complaints of harassment and discrimination.

74.     Defendant harassed, discharged and discriminated against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment, because of his of age, disability, and because of his complaints of harassment and discrimination.

75.     Defendant harassed, retaliated and discriminated against Plaintiff because he opposed practices prohibited by Chapter 213 R.S.Mo. and/or because he filed a complaint, testified, assisted, or participated in investigations, proceedings or hearings conducted pursuant to Chapter 213 R.S.Mo.

76.     Defendant City, by its actions and failures to act, including but not limited to those described above, have consistently harassed, retaliated and discriminated against the Plaintiff on account of his age and disability and complaints of harassment and discrimination on a continuing basis, since June 12, 2017 to the date Plaintiff's employment ended on September 29, 2017, as an act or part of a pattern or practice of discrimination by the Defendants, as it relates to employment.

77.     Defendant City, by its actions and failures to act, including but not limited to those described above, have consistently harassed, retaliated and discriminated against their employees on account of their age and disability and complaints of harassment and discrimination on a continuing basis, as an act or part of a pattern or practice of discrimination by the Defendant, as it relates to employment.

78.     Plaintiff's race, sex, gender, his complaints of harassment and discrimination and opposition to practices prohibited by Chapter 213 of the Missouri Revised Statutes were a

Electronically Filed - City of St. Louis - August 16, 2018 - 03:23 PM

contributing and motivating factor and the exclusive cause in Defendant's retaliation and actions against his including his termination.

79.     Plaintiff has suffered financial loss, incurred attorney fees and costs, decreased business opportunities, emotional pain, suffering, inconvenience, loss of enjoyment of life as a result of the actions of the Defendant City.

80.     The Defendant's articulated reasons for its actions were pretexts for unlawful actions.

81.     The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff's rights.

82.     Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

83.     Plaintiff's MHRA claims in part accrued prior to August 28, 2017 and his claim is alleged under the MHRA as it existed prior to that date.  Any application of the new amended MHRA to this case would violate the Missouri Constitution.

84.     Plaintiff timely filed a charge of discrimination with the EEOC which was dually filed with the Missouri Commission on Human Rights.

**WHEREFORE**, the Plaintiff Todd Cole prays this court after a trial, for which a jury is hereby demanded, to find that the Defendant City of St. Louis has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendants to make Plaintiff whole for the loss of income he has suffered as a result of the unlawful acts of harassment, discrimination, and retaliation, including back pay from the time of the unlawful harassment,

Electronically Filed - City of St. Louis - August 16, 2018 - 03:23 PM

discrimination, and retaliation with interest thereon and fringe benefits, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $25,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; for interest on all amounts awarded, Grant such additional and affirmative relief as the Court may deem just and proper.

## COUNT II – DE NOVO JUDICIAL REVIEW UNDER §536.100-536.400 R.S.Mo.

85.     Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of his Petition.

86.     This Count is brought pursuant to the Missouri Procedure & Review Act, Chapter 536 *et seq.*, R.S.Mo. ("MPRA").

87.     The Commission is an agency within the meaning and definition of §536.010 R.S.Mo. and, therefore, its decision and rule-making authority are reviewable by this Court, pursuant to §§536.100 and 536.140 R.S.Mo.

88.     The proceedings leading up to the Decision of the Commission which is the subject of judicial review under the MPRA, are as follows:

a.   Plaintiff had a reasonable expectation of continued employment with defendant City, subject to removal for just cause after providing plaintiff with certain substantive and procedural rights of due process of law, including

11

Electronically Filed - City of St. Louis - August 16, 2018 - 03:23 PM

> timely notice of the reasons for termination and post-termination hearing before the Commission members.
>
> b. Plaintiff was dismissed from his employment with the City of St. Louis.
>
> c. Following a contested appeal hearing on the record, the Commission affirmed plaintiff's dismissal.
>
> d. The Commission, on July 18, 2018, mailed its decision to plaintiff, as set forth in Exhibit 1 attached hereto and incorporated herein by reference, which is the subject of this review.

89.   The Decision of the Commission is reviewable under §536.140 RSMo. and should be set aside and held for naught *because* the Commission wrongly and erroneously found and concluded that:

> a. Cole was dismissed from his position as a Water Maintenance Worker on October 4, 2017 for violating the Service Delivery Work Rules in that he failed to report to duty as assigned and was in "dock status" since August 4, 2017;
>
> b. On August 4, 2017, Cole failed to return to work;
>
> c. Cole did not call in to report the reason for his absence or provide an anticipated return date;
>
> d. Cole failed to return to work by August 30, 2017;
>
> e. The City of St. Louis Department of Personnel's Administrative Regulation 117 provides "abandonment of job (employee fails to return to work or call and report reason for absence for three consecutive working days)" is an exception to progressive discipline;

12

Electronically Filed - City of St. Louis - August 16, 2018 - 03:23 PM

      f.   Appointing Authority's testimony was credible, worthy of belief and established, by a preponderance of evidence, that there was just cause to discipline and dismiss Cole;

      g.   Todd Cole, was dismissed from the City Service for good and just cause as set forth in Rule IX, Section 3(a)(5), of the Civil Service Rules

90.    The Decision of the Commission is further reviewable under §536.140 RSMo. and should be set aside and held for naught *because* the Commission wrongly and erroneously failed to review evidence of and make findings and conclusions that:

      a.   Todd Cole was disabled as defined under the MHRA;

      b.   Cole sought reasonable accommodations from the City;

      c.   The City was able to provide reasonable accommodations for Cole;

      d.   The City failed to provide reasonable accommodations for Cole;

      e.   The City violated its own policies by failing to reasonably accommodate Cole;

      f.   Cole was subjected to harassment and discrimination based on his age and disability from the City and its employees;

      g.   Cole complained about the harassment and discrimination that he received from the City and its employees;

      h.   The City failed to investigate Cole's complaints of harassment and discrimination;

      i.   The city retaliated against Cole due to his complaints of harassment and discrimination including terminating Cole;

      j.   The City's articulated reasons for termination were pretext for discrimination.

91.    The foregoing findings and the Decision of the Commission:

13

Electronically Filed - City of St. Louis - August 16, 2018 - 03:23 PM

    a.   violate plaintiff's due process rights under the 14th Amendment of the Constitution of the United States and under Article I, Section 10 of the Constitution of the State of Missouri;

    b.   are in excess of the statutory authority or jurisdiction of the agency;

    c.   are unsupported by competent and substantial evidence upon the whole record;

    d.   are unauthorized by law and in fact, and constitute a violation of the policies and regulations of the City of St. Louis;

    e.   are made upon unlawful procedure, without a fair trial;

    f.   are arbitrary, capricious and unreasonable; and

    g.   involve abuses of discretion.

92.    Under subsections 3 and 4 of §536.140, RSMo., the court is entitled to weigh the evidence and determine the facts for itself. The court may hear and consider additional evidence to determine the fairness of the procedures used by the Commission members in approving, affirming and upholding the action of the Appointing Authority in terminating plaintiff.

93.    Plaintiff seeks De Novo review under Section 536.140.

WHEREFORE, Plaintiff prays this Honorable Court to review the transcript and the evidence adduced before the Civil Service Commission in this case, and thereafter, find and determine that the Decision of the Commission in this case is unlawful, illegal and had upon an unfair trial, unlawful procedures and in violation of state and federal law, as set forth above, is arbitrary, capricious, unreasonable and not supported by competent and substantial evidence; and to remand the matter to the Commission with directions to reinstate plaintiff forthwith, together with her lost wages and benefits, from the date of dismissal to the date of reinstatement and

interest at the rate of 9% per annum until her damages are paid in full and for such other and

further relief deemed just and proper in the premises.

## DEMAND FOR A JURY TRIAL

Plaintiff, through counsel, respectfully requests a trial by jury on all issues.

Respectfully submitted,

**KASPER LAW FIRM, LLC**

By: */s/ Kevin J. Kasper*
Kevin J. Kasper, #52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*

15

Electronically Filed - City of St. Louis - August 16, 2018 - 03:23 PM



FILED

NOV 0 5 2018

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY_____ DEPUTY

# MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
### (CITY OF ST. LOUIS)

Todd Cole

**VS**

City of St. Louis Missouri

CASE NO. 1822-CC11004   DIVISION 6        Nov 5    2018

1822-CC11566

---

### ORDER/JUDGMENT/MEMORANDUM

Defendants motion to sever is called heard and
granted. Plaintiff's claims for violations of the Missouri
Human Rights Act (count I) is severed from Count II - De
Novo Judicial Review under § 536.100 - 536.400 & Sho.
All other motions are passed.
Matter Set for January 7, 2019 at 900 AM for Renew
Defendants to have 60 days from today's order
to respond to discovery related to Plaintiffs
MHRA claim.     Cost suf new filing use usual

(VOP)

6074660

Abby Duncan

For Ds

52171 for P

**ENTERED**

NOV 0 5 2018

M S

So ordered

FORM 14 (Rev 11/02)